UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAHADUR KHANGURA,

    Petitioner,

                                       Civil Case No. 05-71693
v.                                       Criminal Case No. 03-80877

UNITED STATES OF AMERICA,        Honorable Patrick J. Duggan

    Respondent.
    _____/

**OPINION AND ORDER
DENYING  PETITIONER'S MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on JUNE 29, 2005.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

      Bahadur Khangura ("Petitioner") presently confined at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania, petitions this Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  On January 14, 2004, Petitioner entered a guilty plea to a single count indictment, charging him with smuggling in violation of 18 U.S.C. § 545.  In his *pro se* application, Petitioner challenges his sentence of 57 months imprisonment.  For the reasons set forth below, Petitioner's Motion shall be denied.

I.  **Background**

On September 24, 2003, Petitioner was arrested for operating a tractor trailer containing 1,900 pounds of marijuana across the Blue Water Bridge from Sarnia, Ohio to Port Huron, Michigan. Petitioner was charged with one count of smuggling, 18 U.S.C. § 545. On January 14, 2004, Petitioner pled guilty.

The Presentence Investigation Report (PSI) scored Petitioner at an offense level of 25[1] and a criminal history category of I, resulting in a guideline range of 57 to 71 months. Petitioner filed no objections to the PSI. On May 12, 2004, this Court sentenced Petitioner to 57 months incarceration.

On April 29, 2005, Petitioner filed his Motion asking the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In his Motion, Petitioner contends that: (1) his sentence exceeded the "statutory maximum" as that term is referenced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and (2) by virtue of ineffective assistance of counsel, in violation of the Sixth Amendment, Petitioner is serving a term of imprisonment in excess of the "statutory maximum."

II.  **Standard of Review**

Section 2255 states, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

---

[1] The offense level was calculated upon 1,900 pounds of marijuana per the controlled substance guidelines, USSG § 2D1.1(c)(5), as cross referenced under the smuggling guidelines, 2T3.1(c)(1).

of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The petitioner bears the burden of establishing any claim asserted in his § 2255 motion. To warrant relief because of constitutional error, the petitioner must show that the error was one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962). To warrant relief for a nonconstitutional error, the petitioner must show a fundamental defect in the proceedings which inherently results in a complete miscarriage of justice. *Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994).

### III. Applicable Law and Analysis

#### A. Petitioner's Sentence

Petitioner argues that his sentence should be set aside or vacated because his sentence of 57 months exceeded the "statutory maximum." However, because Petitioner did not raise this claim on direct appeal, Petitioner is barred from raising this claims independent of his "ineffective assistance of counsel" claim.

"[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). If a claim is not raised during the course of criminal proceedings or on direct appeal, a petitioner is procedurally barred from raising the claim in a § 2255 proceeding unless the petitioner "can show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the

3

errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982). With regard to prejudice, procedurally defaulted claims of nonconstitutional error can be raised for the first time on collateral review only where the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994). Consequently, "nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." *Grant*, 72 F.3d at 506.

In this case, Petitioner has failed to establish cause and prejudice in support of his claims for collateral review. Here, Petitioner's nonconstitutional claim does not present either a "fundamental defect which inherently results in a complete miscarriage of justice," or an error "akin to denial of due process." However, because Petitioner alleges ineffective assistance of counsel, relief under § 2255 is available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

**B. Ineffective Assistance of Counsel Claim**

"As all Federal Courts of Appeals have now held, the proper standard for attorney performance is reasonably effective assistance of counsel." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In his § 2255 motion, Petitioner argues that his sentence should be set aside or vacated because his Sixth Amendment right to effective assistance of counsel was violated when Petitioner received a sentence that exceeded the statutory maximum and that sentence was not appealed.

1. Strickland Standard

A claim of ineffective assistance of counsel is judged under a two-part test. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. First, the petitioner must show that counsel's performance was deficient by showing that it fell below an objective standard of reasonableness according to prevailing norms of the legal profession. *Id.* at 690, 104 S. Ct. at 2066. Counsel's performance is deficient if it falls "outside the wide range of professionally competent assistance." *Id.* However, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Second, the petitioner must show that counsel's performance prejudiced the defense. *Id.* at 687, 104 S. Ct. at 2064. Counsel's deficiency results in prejudice if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

2. <u>Application</u>

In his Motion, Petitioner contends that his sentence was enhanced despite the fact that none of the enhancement provisions were alleged in the indictment or admitted to at the time of the guilty plea. Petitioner contends that because of those enhancements, the Court imposed a sentence that exceeded the statutory maximum in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000),[2] *Blakely v. Washington*, 124 S. Ct. 2531

---

[2] *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63.

5

(2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).[3]

First, contrary to Petitioner's assertions, his sentence was calculated based on 1,900 pounds of marijuana, which was specifically charged in the indictment, "approximately, 1900 pounds (861) kilograms of a mixture or substance containing a detectable amount of marijuana, as defined by 21 United States Code, Section 841(b)(1)(B) . . . ." Thus, at the time Petitioner entered his guilty plea, he admitted to smuggling 1900 pounds of marijuana.

Second, courts have refused to apply *Booker* retroactively. *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001) (concluding that the Supreme Court itself must make a new rule retroactive); *see also Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (holding that *Booker* does not apply retroactively in collateral proceedings). In this case, Petitioner was sentenced on May 12, 2004. His judgment was entered on May 13, 2004. Because Petitioner did not pursue a direct appeal, his conviction became final on May 27, 2004, or ten days following the entry of the judgment on the docket, excluding weekends and holidays. FED. R. APP. P. §§ 4(b)(1)(A) and 26(a)(2); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (finding that when a § 2255 petitioner does not pursue a direct appeal, his conviction becomes final on the date on which the time for filing such appeal expired). Thus, Petitioner's sentence became final on May 27, 2004, prior to the date *Booker* was decided.

Therefore, because this Court does not believe that the Court exceeded the statutory maximum and because Petitioner has not alleged any other constitutional errors of counsel, Petitioner has no ineffective assistance of counsel claim.

---

[3] *Booker* held that the Federal Sentencing Guidelines are advisory rather than mandatory. *Booker*, 125 S. Ct. at 757.

6

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Bahadur Khangura
Register No. 31992-039
Allenwood Low FCI
P.O. Box 1500
White Deer, PA 17887

Daniel L. Lemisch, AUSA