UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAHADUR KHANGURA,

    Petitioner,

v.                                               Civil Case No. 05-71693
                                                 Criminal Case No. 03-80877
UNITED STATES OF AMERICA,
                                                 Honorable Patrick J. Duggan
    Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

    At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 11, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
           U.S. DISTRICT COURT JUDGE

On April 29, 2005, Petitioner Bahadur Khangura filed a petition asking the Court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. His petition alleged that (1) his sentence exceeded the "statutory maximum" as that term is referenced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and (2) by virtue of ineffective assistance of counsel, in violation of the Sixth Amendment, Petitioner is serving a term of imprisonment in excess of the "statutory maximum." On June 29, 2005, this Court issued an Opinion and Order denying the petition. Presently before the Court is Petitioner's

Motion for Certificate of Appealability, filed on April 20, 2006.[1]

In general, 28 U.S.C. § 2253 governs appeals of habeas corpus proceedings. Section 2253(a) provides that "[i]n a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." However, unless a certificate of appealability is issued, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding.

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "Where a district court has rejected a petitioner's constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

Because the Court does not believe that jurists of reason would find it debatable whether the petition stated a valid claim of the denial of a constitutional right, the Court shall deny Petitioner's Motion.

Accordingly,

---

[1] Petitioner mistakenly filed his Motion for Certificate of Appealability in the Sixth Circuit Court of Appeals, and the Motion was forwarded to this Court in June of 2006. Pursuant to Federal Rule of Appellate Procedure 4(d), Petitioner's Motion is to be considered filed in this Court on the date the Sixth Circuit received the document, April 20, 2006.

3

**IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is

**DENIED**.

                                                   s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:

Bahadur Khangura
Register No. 31992-039
FCI Allenwood Low
P.O. Box 1500
White Deer, PA 17887

Daniel L. Lemisch, AUSA